IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO.:

JENNIFER WILLIAMS MORSCH

    Plaintiff,

vs.

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, a subsidiary of JPMORGAN CHASE & COMPANY, and formerly known as WASHINGTON MUTUAL BANK,

    Defendants.

_____/

## COMPLAINT FOR DAMAGES & SPECIFIC PERFORMANCE

COMES NOW the Plaintiff, JENNIFER WILLIAMS MORSCH, by and through her undersigned counsel, and hereby files this her Complaint for damages and Specific Performance as against the Defendants, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, a subsidiary of JPMORGAN CHASE & COMPANY, formerly known as WASHINGTON MUTUAL BANK, and in support thereof would state as follows:

### GENERAL ALLEGATIONS

1. This is a legal and equitable action seeking monetary damages exceeding $15,000.00, exclusive of costs and fees, and for specific performance.

2. Plaintiff, JENNIFER WILLIAMS MORSCH (hereinafter "MORSCH"), is an individual, sui juris, and at all times material hereto was a resident of Orlando, Orange County, Florida.

3. Defendant, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION (hereinafter

"CHASE"), is a subsidiary of JPMORGAN CHASE & COMPANY, formerly known as WASHINGTON MUTUAL ("hereinafter "WAMU"), and operates a branch bank in Orlando, Orange County, Florida.

4. Venue is proper in Orange County, Florida as the incident the subject of this action occurred in Orange County, Florida.

5. On or about April 16, 2003, MORSCH leased a safe box from WAMU. A written lease was executed by MORSCH and that two page lease is attached hereto as Exhibit "A" and incorporated herein by reference.

6. MORSCH leased box number 00Z0064. WAMU issued two (2) keys to this safe box. MORSCH still possesses these two keys.

7. The physical dimensions of box number 00Z0064 was three inches by ten inches and MORSCH agreed to pay $25.00 annually as the lease payment for this safe box.

8. The safe box 64 leased by MORSCH was physically located in the bank's vault near the center, top, of the bank or grouping of safe boxes.

9. After leasing safe box 64, MORSCH began storing valuable items in the safe box. The items included cash, jewelry, family heirlooms, gold coins, etc.

10. MORSCH was the only person with authorized access to the safe box. Access was a two key system wherein MORSCH would use her key, along with a corresponding key used by WAMU personnel, to allow MORSCH access to her safe box.

11. MORSCH accessed her safe box on multiple occasions over the years as she needed to deposit or withdrawal items from the safe box.

12. MORSCH continued to lease safe box 64 up through and including August 5, 2016, and continues to lease safe box 64 at the filing of this action.

13. At some point in time after April 16, 2003, but prior to August 5, 2016, WAMU became CHASE.

14. On or about Monday, August 1, 2016, MORSCH entered CHASE bank to access her safe box 64. MORSCH entered the bank vault with a female bank employee in order to access her safe box. When MORSCH attempted to use her key to open safe box 64, MORSCH's key would not open safe box 64. The female bank employee then checked the bank records and advised MORSCH that her safe box was not located in the location where MORSCH's box had always been located near the center, top section of the bank or grouping of safe boxes. Instead, the female bank employee advised MORSCH that her safe box 64 was located lower down in the bank of safe boxes, well below the area where MORSCH's safe box 64 had been located since she first leased safe box 64 in 2003. MORSCH was instructed by bank personnel to return to the bank on another day in order to allow the bank time to schedule a locksmith to drill the safe box in order to gain access to the contents of the safe box.

15. As of August 1, 2016, the total value of the items being stored by MORSCH in safe box 64 exceeded $100,000.00. MORSCH believes the last time she had accessed safe box 64 prior to August 2016, had been in the summer of 2012, when MORSCH deposited several rare, collectable gold coins into safe box 64.

16. On or about Friday, August 5, 2016, MORSCH returned to CHASE for the purpose of having her safe box 64 drilled open by a locksmith in order to access the contents of her safebox.

17. MORSCH entered the CHASE bank vault on or about August 5, 2016, as she had done many times before, and used her safe box key, in conjunction with a bank employee and

their corresponding access key, to open her safe box. MORSCH's key would not open safe box 64 as it had done when she had last opened safe box 64 to deposit the gold coins back in the summer of 2012. The bank personnel insisted to MORSCH that her safe box 64 was located in a different location than the location where MORSCH's safe box 64 had been located since initially being leased in 2003. MORSCH tried her safe box key in both safe box locations, both of which were numbered ending in 64. MORSCH's key would not open either safebox.

18. On or about August 5, 2016, CHASE personnel then had a locksmith drill open safebox 64, located in another location than where MORSCH's safe box 64 had been located since 2003.

19. The safe box 64 located where the bank personnel insisted the safe box was supposed to be located, different from where MORSCH knew her safe box to be located and accessed since 2003, was drilled by a locksmith for CHASE on or about August 5, 2016 and was opened and found to be empty. MORSCH then asked CHASE to allow the locksmith to drill open the safe box 64 located near the top, center of the bank of safe boxes, where MORSCH's safe box 64 had been located and accessed by MORSCH since 2003. CHASE refused to allow the locksmith to drill open the safe box 64 located near the top, center of the bank of safe boxes for MORSCH, informing MORSCH that that box, also numbered safe box 64, had been leased to another bank customer back in 2012, and that MORSCH would need to a court order to drill open the safe box 64 that MORSCH had accessed and used since 2003.

20. As of the filing of this lawsuit, CHASE has refused to drill open the contents of the safe box 64 where MORSCH stored her valuable contents since 2003 and CHASE has failed

and refused to return the contents and personal property of MORSCH's safe box 64 to MORSCH upon demand.

## COUNT I - NEGLIGENCE OF CHASE

21. MORSCH realleges and reavers the allegations contained in paragraphs one through twenty, and further alleges:

22. CHASE owed MORSCH a duty, as the leasee of safe box 64, to exercise reasonable care in the maintenance of and management of access to safe box 64 and its contents.

23. On or before August 5, 2016, CHASE breached its duty owed to MORSCH when it allowed unknown third parties and/or bank employees to physically access safe box 64 and either remove its contents and/or place its contents into another safe box to which MORSCH lacks access, and Defendant was negligent thereby.

24. As a direct and proximate result of CHASE's negligence, MORSCH has lost access to and possession of the contents of safe box 64 and has been forced to retain an attorney and pay him a reasonable attorney fee and costs in order to recover the contents of her safe box 64.

25. As a further direct and proximate result of CHASE's negligence, MORSCH has suffered physical, mental and emotional damages and these damages are either permanent or continuing in nature.

WHEREFORE, MORSCH demands judgment for damages against CHASE and such other relief as this Court deems just and proper.

## COUNT II - CIVIL THEFT-CONVERSION

26. MORSCH realleges and reavers the allegations in paragraphs one through twenty five, and further alleges:

27. As a direct and proximate result of the acts and actions of CHASE heretofore alleged, CHASE allowed one or more unknown third parties access to the contents of MORSCH's safe box 64.

28. Those unknown parties who were given access to MORSCH's safe box 64, were either employees of CHASE and/or were customers of CHASE.

29. As a result of this unauthorized access by one or more unknown parties to the contents of safe box 64, the contents of safe box 64 have been stolen or converted and are no longer available to and in the possession of MORSCH.

30. MORSCH has perfected her civil theft claim against CHASE under and pursuant to Florida Statute 772.11 and has complied with all conditions precedent prior to the bringing of this action against CHASE for civil theft.

WHEREFORE, MORSCH demands judgment for damages against CHASE for civil theft and conversion, and such other relief as this Court deems just and proper.

## COUNT III - SPECIFIC PERFORMANCE

31. MORSCH realleges and reavers the allegations in paragraphs one through thirty, and further alleges:

32. CHASE, by contractual agreement, agreed to make the contents of safe box 64 available to MORSCH on demand.

33. On or about August 1, 2016, when MORSCH went to CHASE in order to access the contents of safe box 64, CHASE failed and refused to make the contents of safe box 64 accessible and available to MORSCH, and CHASE has continued to fail and refuse to make the contents of safe box 64 available and accessible to MORSCH.

34. MORSCH has an immediate legal right to access and take possession of the contents of

her safe box 64.

WHEREFORE, MORSCH would seek the issuance of an order from this Court directing CHASE to make the contents of her safe box 64 immediately and readily available to MORSCH, and for such other relief as this Court deems just and proper.

## COUNT IV - BREACH OF CONTRACT

35. MORSCH realleges and reavers the allegations contained in paragraphs one through thirty four, and further alleges:

36. CHASE agreed, by contract, that the contents of MORSCH's leased safe box 64 would be insured against loss or theft.

37. CHASE has lost, stolen, converted, or otherwise failed to make available to MORSCH, on demand, the contents of her leased safe box 64.

38. CHASE was contractually obligated to make insurance coverage and compensation available to MORSCH to cover the loss or conversion of the contents of MORSCH's leased safe box 64 and has failed to do so after the contents were lost or converted.

39. As a result, CHASE is in breach of its written lease contract with MORSCH wherein it agreed to insure and cover the loss of the contents of MORSCH's safe box 64.

WHEREFORE, MORSCH demands judgment for damages against CHASE and such other relief as this Court deems just and proper.

## COUNT V - NEGLIGENT MISREPRESENTATION

40. MORSCH realleges and reavers the allegations in paragraphs one through thirty nine, and further alleges:

41. When MORSCH went in to CHASE on or about August 1, 2016, in order to gain access to the contents of her leased safe box 64, MORSCH was told by CHASE personnel that

her safe box 64 was not located in the location where MORSCH had been accessing the contents of her safe box since 2003, but was, in fact, located in another location in the bank vault.

42. When the CHASE personnel told MORSCH that her safe box was in a different location than where MORSCH had previously accessed the contents of her safe box 64, CHASE personnel did so knowing said statement to be false.

43. CHASE personnel, in making this false statement to MORSCH, knew or reasonably believed that MORSCH would rely upon this false statement to her detriment.

44. MORSCH did, in fact, rely upon the false statement to her detriment and has been damaged thereby.

WHEREFORE, MORSCH demands judgement for damages against CHASE, and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

MORSCH demands a trial by jury on all issues triable as a matter of right by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via service of process to the Defendant.

/s/ Andres I. Beregovich
_____
ANDRES I. BEREGOVICH, ESQUIRE
Florida Bar No.: 0097812
The Beregovich Law Firm, P.A.
210 N. Mills Avenue
Orlando, FL 32801
Telephone: (407) 809-9000
Facsimile: (407) 809-9001
Service Email: eservice@beregovichlaw.com
Attorney for Plaintiff

# Washington Mutual (the Bank)

☒ Washington Mutual Bank
☐ Washington Mutual Bank fsb
☐ Washington Mutual Bank, FA

40064

**INDIVIDUAL/JOINT SAFEBOX LEASE**

| COMPANY NUMBER | FC NUMBER | BOX NUMBER | RENTAL DATE | FC EMPLOYEE # |
|---|---|---|---|---|
| | 1672 | 00Z0064 | April 16, 2003 | U022922 |

| FC NAME | FC ADDRESS |
|---|---|
| ORLANDO BAYHILL | 7674 DR. PHILLIPS BLVD ORLANDO FL 32819 |

| FIRST RENTER'S NAME (see complete renter information below) | BOX SIZE | INITIAL ANNUAL RENTAL RATE |
|---|---|---|
| JENNIFER WILLIAMS MORSCH | 3X10 | $ 25.00 |

## INDIVIDUAL LEASE AGREEMENT

**Important Notice:** (1) The contents of your safebox may not be fully protected against loss under the insurance coverage maintained by the bank or safe deposit company. (2) For your protection, you may wish to secure your own insurance through an insurance company of your choice. (3) You should keep a complete list and description of all property stored in your safebox, and any available proof of ownership.

The undersigned (herein the "Renter") hereby leases from Bank the Safebox referenced above (the "Box") as of the Rental Date set forth above. Renter shall be bound by the Account Disclosures and Regulations Relating to Deposit Accounts and Other Services and Electronic Fund Transfer Agreement and Disclosures, and all amendments thereto, from time to time in effect ("Safebox Regulations"). Such provisions are by this reference made a part of this Lease Agreement as set forth herein in full and Renter acknowledges receipt thereof.

The Initial annual Rental for the Box is as set forth above; subsequent years' Rental rates shall be disclosed in an annual Rental billing. Renter hereby acknowledges receipt of TWO keys to the Box.

Most disputes arising under this Lease Agreement are subject to mandatory binding arbitration as set forth in the Safebox Regulations. Rights to trial by a judge or jury are waived hereby.

_X Jennifer W. Morsch_
Renter

## JOINT LEASE AGREEMENT

**Important Notice:** (1) The contents of your safebox may not be fully protected against loss under the insurance coverage maintained by the bank or safe deposit company. (2) For your protection, you may wish to secure your own insurance through an insurance company of your choice. (3) You should keep a complete list and description of all property stored in your safebox, and any available proof of ownership.

The undersigned (herein the "Renters") hereby lease from Bank the above referenced Safebox (the "Box") as of the Rental Date set forth above. Renters shall be bound by the Account Disclosures and Regulations Relating to Deposit Accounts and Other Services and Electronic Fund Transfer Agreement and Disclosures, and all amendments thereto, from time to time in effect ("Safebox Regulations"). Such provisions are by this reference made a part of this Lease Agreement as if set forth herein in full and Renter acknowledges receipt thereof.

The Initial annual Rental for such Box is as set forth above; subsequent years' Rental rates shall be determined as set forth in the Safebox Regulations. Renters hereby acknowledge receipt of _____ keys to said Box. Renters hereby agree that any one of us shall have the right to access said Box and to remove any contents thereof and to surrender the Box and keys. An agent/deputy may be appointed only with the joint approval of the undersigned but the authority of such agent/deputy may be revoked any one of us.

Most disputes arising under this Lease Agreement are subject to mandatory binding arbitration as set forth in the Safebox Regulations. Rights to trial by a judge or jury are waived hereby.

1) Renter's Signature _____   2) Renter's Signature _____

3) Renter's Signature _____   4) Renter's Signature _____

5) Renter's Signature _____   6) Renter's Signature _____

## APPOINTMENT OF AGENT

The undersigned Renter(s) hereby authorizes _____ ("Agent") who by signing below accepts this appointment to have access to the above referenced Box now Rented by the undersigned, until the Bank shall have received written notice from any one Renter canceling this appointment; with power to remove the contents of and to surrender said Box. Each of the below-signed agrees to notify the Bank of the death or incompetency of any other person having the right of access before seeking access to the Box. Upon receipt of such notice, the Agent's privileges cease.

Agent's Signature _____

1) Renter's Signature _____   2) Renter's Signature _____

3) Renter's Signature _____   4) Renter's Signature _____

5) Renter's Signature _____   6) Renter's Signature _____

The undersigned Renter hereby cancels the foregoing appointment of agent.

Renter's Signature _____   Date _____

## RENTER INFORMATION

| | | | | | |
|---|---|---|---|---|---|
| **1) RENTER'S NAME** JENNIFER WILLIAMS MORSCH | ADDRESS [redacted] | | CITY ORLANDO | STATE FL | ZIP CODE 32836 |
| HOME TELEPHONE NUMBER [redacted] | WORK TELEPHONE NUMBER | DATE OF BIRTH [redacted] | PLACE OF BIRTH ALABAMA | \multicolumn{2}{l|}{MOTHER'S MAIDEN NAME CROCKER} |
| EMPLOYER | SOCIAL SECURITY NUMBER | IDENTIFICATION (2 PIECES) 1) M620439605420 | | \multicolumn{2}{l|}{2) EXISTING} |

| 2) RENTER'S NAME | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| HOME TELEPHONE NUMBER   WORK TELEPHONE NUMBER | DATE OF BIRTH | PLACE OF BIRTH | \multicolumn{2}{l|}{MOTHER'S MAIDEN NAME} |
| EMPLOYER | SOCIAL SECURITY NUMBER | IDENTIFICATION (2 PIECES) 1) | \multicolumn{2}{l|}{2)} |

| 3) RENTER'S NAME | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| HOME TELEPHONE NUMBER   WORK TELEPHONE NUMBER | DATE OF BIRTH | PLACE OF BIRTH | \multicolumn{2}{l|}{MOTHER'S MAIDEN NAME} |
| EMPLOYER | SOCIAL SECURITY NUMBER | IDENTIFICATION (2 PIECES) 1) | \multicolumn{2}{l|}{2)} |

| 4) RENTER'S NAME | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| HOME TELEPHONE NUMBER   WORK TELEPHONE NUMBER | DATE OF BIRTH | PLACE OF BIRTH | \multicolumn{2}{l|}{MOTHER'S MAIDEN NAME} |
| EMPLOYER | SOCIAL SECURITY NUMBER | IDENTIFICATION (2 PIECES) 1) | \multicolumn{2}{l|}{2)} |

| 5) RENTER'S NAME | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| HOME TELEPHONE NUMBER   WORK TELEPHONE NUMBER | DATE OF BIRTH | PLACE OF BIRTH | \multicolumn{2}{l|}{MOTHER'S MAIDEN NAME} |
| EMPLOYER | SOCIAL SECURITY NUMBER | IDENTIFICATION (2 PIECES) 1) | \multicolumn{2}{l|}{2)} |

| 6) RENTER'S NAME | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| HOME TELEPHONE NUMBER   WORK TELEPHONE NUMBER | DATE OF BIRTH | PLACE OF BIRTH | \multicolumn{2}{l|}{MOTHER'S MAIDEN NAME} |
| EMPLOYER | SOCIAL SECURITY NUMBER | IDENTIFICATION (2 PIECES) 1) | \multicolumn{2}{l|}{2)} |

**NEXT-OF-KIN, OR EXECUTOR, OR ADMINISTRATOR, OR ATTORNEY FOR RENTER NUMBER:**    **RELATIONSHIP OR TITLE:**

| NAME | ADDRESS | TELEPHONE # |
|---|---|---|

## AUTOMATIC PAYMENT AUTHORIZATION

The Bank is authorized to withdraw rental payments and any other amounts due under this lease from the account indicated below or on the payment coupon and apply such sums to meet the Renters obligation.

*1 year 25 discount*

| Account Number [redacted] | Renter's Signature  /s/ Jennifer W Morsch | Date |
|---|---|---|

## AUTHORIZATION OF DESIGNEE IN EVENT OF DEATH (INDIVIDUAL LEASE ONLY)

By signing below, I, the sole Renter of the above-referenced Box, hereby authorize **Mark Morsch** (the "Designee") to enter the Box in the event of my death for the purpose of removing my will, trust, life insurance policies or instructions for the disposition of my remains, only. Such access shall be in accordance with the following: 1) Designee shall have possession of the Box key, 2) reasonable proof of Renter's death and the identification of Designee are provide to Bank, 3) Bank shall have no actual knowledge that any probate or other proceedings have been initiated, or a legal representative appointed, with regards to Renter's estate, 4) copies of any removed documents are retained and the delivery of removed documents shall be in accordance with applicable law, and 5) the Box is opened under the supervision of the Bank and an inventory of its contents prepared.

I understand that, in the event of my death, access to the above-referenced Box by other than the Designee may be allowed in accordance with applicable law.

Renter's signature  /s/ Jennifer W Morsch     Date  4/16/03

## SURRENDER OF SAFEBOX

The undersigned hereby surrender(s) the above referenced Box and acknowledges and agrees that all property placed therein has been removed therefrom; that all liability of the Bank for such property is accordingly hereby released; and that the key deposit, if any, has been returned.

| Renter's Signature | Date | Renter's Signature | Date |
|---|---|---|---|

